UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE, | No. 2:15-cv-1999 JAM CKD (TEMP) P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| KAMALA HARRIS, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has submitted a petition invoking numerous federal statutes, including 28 U.S.C. § 1361, which vests federal district courts with original jurisdiction to hear "an action in the nature of mandamus" against an officer or employee of the United States.  Although plaintiff has not paid the required filing fee or filed an application to proceed in forma pauperis, see 28 U.S.C. § 1915(a), the court finds it has sufficient information in the petition to conduct the screening analysis mandated by 28 U.S.C. § 1915A and to recommend that this action be dismissed without leave to amend.[1]

---

[1] Section 1915A(a) requires the court to screen a prisoner's complaint "as soon as practicable[.]" It does not require the court to finalize the prisoner's in forma pauperis status first. Therefore the court need not address petitioner's attempt to circumvent the "three strikes" bar of 28 U.S.C. § 1915(g), which he seems to believe applies to him, by alleging he is under imminent danger of serious physical injury. (See ECF No. 4.) In fact, the court makes no finding as to whether the three-strikes provision applies to petitioner. The court notes, however, that the petition does not demand relief from any allegedly imminent danger of physical harm. See Young v. Sisneroz, No.

1    The court must screen every pleading by a prisoner who seeks relief against a
2 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
3 court must dismiss that pleading or any portion thereof if the prisoner has raised claims that are
4 legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or
5 that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §
6 1915A(b)(1),(2).

7    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
8 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
9 Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
10 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
11 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
12 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
13 Cir. 1989); Franklin, 745 F.2d at 1227.

14    In considering whether a petition states a claim upon which relief can be granted, the court
15 must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the
16 petition in the light most favorable to the petitioner. See Scheuer v. Rhodes, 416 U.S. 232, 236
17 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See
18 Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a claim,
19 a pro se petition must contain more than "naked assertions," "labels and conclusions" or "a
20 formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550
21 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of
22 action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662,
23 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial
24 plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads
25 factual content that allows the court to draw the reasonable inference that the defendant is liable

---

27 C03-3446 VRW(PR), 2003 WL 22159059 at *1 (N.D.Cal. Sept. 12, 2003) (stating that a three-
strikes plaintiff "may proceed in forma pauperis only if he is seeking relief from a danger of
28 serious physical injury which is 'imminent' at the time of filing").

for the misconduct alleged." Iqbal, 556 U.S. at 678.

In this case, the petitioner has named Kamala Harris, Attorney General of California, as the only respondent, but it appears from the body of his petition that he alleges a conspiracy between state prison officers and federal officials, including President Barack Obama, to violate his and other inmates' constitutional rights. These allegations are "too far-fetched to be believed," which means, for screening purposes, they are "frivolous and should be dismissed." Clinton v. Director, No. CIV-09-0645 DAD P, 2009 WL 799084 at *2 (E.D.Cal. March 24, 2009). See also Neitzke v. Williams, 490 U.S. 319, 327-28 (1989) (stating that 28 U.S.C. § 1915 empowers federal courts to dismiss "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar").

Although this court frequently grants petitioners leave to amend when their pleadings do not pass the screening test described above, the court has discretion not to grant leave to amend patently frivolous allegations if doing so would be futile. See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir.1995). That is the case here. Therefore this petition should be dismissed as frivolous, without leave to amend.

Accordingly, IT IS HEREBY RECOMMENDED that this petition be dismissed as frivolous and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 14, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

hm
pier1999.f&r

3