UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE, | No. 2:15-cv-1999 JAM DB P |
| Petitioner, | |
| v. | ORDER |
| KAMALA HARRIS, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se who submitted a petition invoking numerous federal statutes, including 28 U.S.C. § 1361, which vests federal district courts with original jurisdiction to hear "an action in the nature of mandamus" against an officer or employee of the United States. On March 24, 2016, this action was dismissed on the grounds that petitioner's allegations against then Attorney General Kamala Harris, and apparently also against then President Barack Obama, were "too far-fetched to be believed" and were therefore frivolous under 28 U.S.C. § 1915A. (ECF Nos. 8, 10.) On April 13, 2016, petitioner filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 12.)

A moving party under Rule 60(b) is entitled to relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying

relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)). The moving party "must demonstrate both injury and circumstances beyond his control." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted).

Here, petitioner contends the screening provisions of 28 U.S.C. § 1915A are inapplicable to his petition, which he appears to categorize as either a "petition to compel" or a habeas petition under 28 U.S.C. § 2254. (Ptr.'s Mot. (ECF No. 12) at 1-2.) Petitioner also mentions issues of excessive force and mail tampering. (Id. at 4.) Petitioner's arguments have no merit. First, this court is required to screen all actions brought be prisoners who seek any form of relief, including habeas relief, from a from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Further, to the extent petitioner is attempting to raise new claims, he may not do so in a Rule 60(b) motion. New claims must be made in a new action. See Villa v. Gipson, No. 1:13-cv-0814-AWI-SKO HC, 2015 WL 5331618, at *2 (E.D. Cal. Sept. 11, 2015).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the order adopting the findings and recommendation (ECF No. 10), which issued on

1  March 24, 2016, to be supported by the record and proper analysis.

2       Accordingly, plaintiff's motion for reconsideration filed April 13, 2016 (ECF No. 12), is
3  hereby denied.

4       IT IS SO ORDERED.

5  DATED: March 22, 2017

6                          /s/ John A. Mendez_____

7                          UNITED STATES DISTRICT COURT JUDGE